```
                                    UNITED STATES DISTRICT COURT
                                    SOUTHERN DISTRICT OF FLORIDA

                                    CASE  NO.  08-61648-CIV-LENARD
                                    MAGISTRATE JUDGE P.A. WHITE

CORNELIUS GREEN,                :

       Plaintiff,               :         REPORT OF
                                         MAGISTRATE JUDGE
v.                              :

PEMBROKE PINES POLICE
DEPARTMENT, ET AL.,             :

       Defendants.              :
_____
```

## I. Introduction

This Cause is before the Court upon the plaintiff Green's Amended Complaint [DE# 15] and Second Amended Complaint [DE# 19].

The plaintiff Cornelius Green filed a pro se civil rights complaint pursuant to 42 U.S.C. §1983 for damages and other relief. [DE# 1]. The plaintiff has been granted leave to proceed in forma pauperis. [DE# 4].

Because the proposed amended complaints were filed after the defendants were served, leave of Court is required. Fed.R.Civ.P. 15(a). The Court will treat the proposed amended complaints as implied motions to amend. To determine whether the plaintiff should be granted leave to amend, the proposed amended complaints will be analyzed pursuant to 28 U.S.C. §1915.

II.  <u>Analysis</u>

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

> Sec. 1915 Proceedings in Forma Pauperis
>
> \* \* \*
>
> (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>
> \* \* \*
>
> (B) the action or appeal –
>
> \* \* \*
>
> (i)  is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief from a defendant who is immune from such relief.

A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Bilal v. Driver</u>, 251 F.3d 1346, 1349 (11 Cir.), <u>cert. denied</u>, 534 U.S. 1044 (2001).  Dismissals on

this ground should only be ordered when the legal theories are "indisputably meritless," id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States. Arrington v. Cobb County, 139 F.3d 865, 872 (11 Cir. 1998).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."' Estelle v. Gamble, 429 U.S. 97, 106 (1979) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11 Cir. 1997). The complaint may be dismissed if the plaintiff does not plead facts that do not state a claim to relief that is plausible on its face. See Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007)(retiring the oft-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim); Watts v. FIU, 495 F.3d 1289 (11 Cir. 2007). While a complaint attacked for failure to state a claim upon which relief can be granted does not need detailed factual allegations, a plaintiff's obligation to provide

3

the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S.Ct. at 1964-65. The rules of pleading do "not require heightened fact pleading of specifics . . . ." The Court's inquiry at this stage focuses on whether the challenged pleadings "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007)(quoting Twombly, 127 S.Ct. at 1964).

The Undersigned has issued a Preliminary Report recommending that the Complaint [DE# 1] proceed against City of Pembroke Pines Police Officers James Darnowski, Keith Forseth, Christian Hemingway, Melodie Johnson, Jennifer Martin, Orville Velez-Ortega, and Walter Benjamin. [DE# 7]. Although not reflected on the docket, it appears that all defendants have been served. All defendants have filed an Answer and Affirmative Defenses. The Preliminary Report also recommends that the Pembroke Pines Police Department be dismissed as a party to this action.

In the Complaint [DE# 1], the plaintiff alleges that on July 20, 2008, several City of Pembroke Pines police officers engaged in excessive force and/or failed to intervene to stop the other officers from beating him, causing severe head injuries. The plaintiff states that he was arrested for grand theft and did not resist arrest.

The Amended Complaint [DE# 15] does not raise any new constitutional claims or seek to add any defendants. The Amended Complaint [DE# 15] expands upon the factual allegations surrounding the claim of unconstitutional force and adds some photographic exhibits.

4

The Second Amended Complaint [DE# 19] seeks to add a City of Miramar police officer, Christopher Dang, as a defendant. The plaintiff alleges that Dang participated with the other officers in using excessive force and failing to intervene.

Claims of excessive force by police officers are cognizable under 42 U.S.C. §1983, as are claims that officers who were present failed to intervene. Fundiller v. City of Cooper City, 777 F.2d 1436 (11 Cir. 1985). A claim that a law enforcement officer used excessive force in the course of an arrest, an investigatory stop, or any other seizure of a free citizen is to be analyzed under the Fourth Amendment and its "reasonableness" standard. Graham v. Connor, 490 U.S. 386 (1989)("all claims that law enforcement officers have used excessive force-deadly or not-in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard"); Ortega v. Schram, 922 F.2d 684, 694 (11 Cir. 1991).

The Amended Compliant [DE# 15] simply adds factual allegations and exhibits. In the Second Amended Complaint [DE# 19], the plaintiff has stated minimally sufficient facts under the Twombly or any "heightened pleading" standard so that the case should proceed against the defendant Dang, as the plaintiff has alleged that Dang violated his Fourth Amendment rights by using excessive force upon his arrest, causing physical injuries. Moreover, a determination of whether the defendant might be entitled to qualified immunity cannot be determined at this juncture or upon consideration of a motion to dismiss. The plaintiff has specified that he intends to sue the defendant in his individual capacity.

III.   Recommendation

Based on the foregoing, it is recommended that:

1. The implied motions to amend be granted, and the Amended Complaint [DE# 15] and Second Amended Complaint [DE# 19] together comprise the Operative Complaint in this civil action.

2. The newly amended claim of excessive force under the Fourth Amendment proceed against the defendant Dang in his individual capacity.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this 12th day of January, 2009.

                                                    UNITED STATES MAGISTRATE JUDGE

cc: Cornelius Green, Pro Se
    Inmate No. 210801
    P.O. Box 407016
    Fort Lauderdale, FL 33340

    E. Bruce Johnson, Esq.
    Johnson, Anselmo, Murdoch,
    Burke, Piper & McDuff
    2455 E. Sunrise Boulevard
    Suite 1000
    P.O. Box 030220
    Fort Lauderdale, FL 33304-0220